By the Court, Bronson, J.
The affidavit of Ketcham was not sufficient to give the commissioner jurisdiction. It was not a proceeding to remove Wilgus, the lessee; for he was not in possession. But the object was to remove Hill, who was in possession, and who has in fact been removed. And yet he is not named in tlie affidavit. The allegation is, that “ Wilgus, or his assigns, or those' claiming under him or them, hold over:” . Upon this a roving commission was issued to summon Wilgus,
“ or any other person claiming possession of the premises.” It was thus referred to the constable to determine who was the proper party; and he returned, that he had served the summons by delivering a copy of it to Hill, “ who claims possession.” This is the first mention of Hill as the party intended to be affected by the proceeding. By the statute, any tenant or lessee, and the assigns, under tenants, or legal representatives of such tenant or lessee, may be removed. (2 R. S. 513, § 28.) Unless the party is absent, the summons is to be served “ by delivering to the tenant to whom it shall be directed, a true copy thereof, and showing him the original.?’ (Id. § 32.) The affidavit should have stated that Hill was in possession, and shown his relation to the landlord. And the summons should have been directed to him by name. But instead of that, the power of determining who was the proper party was in effect delegated to the con *317 stable. It will never do to sanction such a practice in these summary proceedings to put a man out of the possession of real estate.
The affidavit was also bad for another reason. It does not show that Mrs. Stocking was the landlord or lessor. (2 R. iS. 513, § 29.) The allegation is, that Joseph Stocking was the lessor, and that he died in 1835, leaving Sarah B. Stocking his widow. It was not the widow, but the heir of Joseph Stocking, who was entitled to the reversion. There is a further allegation, that Mrs. Stocking “ became legally possessed of the said lease, and entitled to receive the accruing rents &c., and is now entitled to the possession of the said premises.” But how did she become entitled 1 The affidavit says, “ legally.” That is not swearing to a fact, but to the law; and it is quite possible the deponent may be mistaken about that, for the only facts which he states are, that the lessor is dead, and Mrs. Stocking is his widow. The affidavit should have shown that she was the legal representative of the lessor, by stating facts which would make out that relation; to wit, that she was assignee, heir, or devisee. Unless this is required, the occupant may be turned out of possession by a stranger. He has the right to deny any or all of the facts on which the summons issued, and have a trial by jury. (Id. 514, § 34.) This privilege is not worth much, if the moving party may swear to the law, without giving the facts on which his title depends.
The affidavit concludes by stating that “ Wilgus, and those claiming under him, have, by paying rent to the said Sarah and other acts, recognized her right to the said premises.” This is subject to two objections. 1. It is not a statement of facts, but of evidence. It does not give her title, but only alleges that she has evidence tending to make out a title. 2. There is no allegation that Hill had ever recognized her title in any form. There is neither fact nor evidence against him.
When one man wishes to put another out of the possession of a dwelling or a store, upon an affidavit, and a notice of two hours—the time allowed to Hill—it is not too much to require that he shall make out a plain case in the preliminary affidavit; *318 especially as he is allowed to be his own witness. These summary proceedings must be carefully watched, or they will be turned into the means of working injustice and oppression.
Proceedings reversed.